UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

Sheindy Grunhut,

    Debtor.

------------------------------------------------------------------x

Case No. 24-22388-cgm

Chapter 13

## MOTION SEEKING AN ORDER: (A) CONFIRMING THAT NO AUTOMATIC STAY IS IN PLACE PURSUANT TO 11 U.S.C. §§362(c)(4)(A)(i) AND (ii); AND (B) GRANTING IN REM RELIEF PURSUANT TO 11 U.S.C. §362(d)(4))

Selene Finance LP as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust ("Secured Creditor"), by and through its undersigned counsel, moves this Court for an order confirming that there is no automatic stay in place pursuant to 11 U.S.C. §§ 362(c)(4)(A)(i) and (ii), and prospective in rem relief pursuant to 11 U.S.C. § 362(d)(4), and states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 362 and FRBP 4001(a) and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

2. On May 2, 2024, the debtor herein, Sheindy Grunhut ("Debtor"), commenced the instant case by filing a petition under chapter 13 of the U. S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Present Case").

3. On January 29, 2018, the Debtor executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $591,000.00 (the"Mortgage Loan") to The Federal Savings Bank. Copies of the Note, Mortgage and Assignments are attached hereto as part of Composite Exhibit "A."

4. The Mortgage provides Secured Creditor a lien on the real property legally described as:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE TOWN OF RAMAPO, COUNTY OF ROCKLAND AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS UNIT NO. G-3 IN THE DECLARATION OF CONDOMINIUM ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF THE LANDS AND BUILDING COMPRISING BATES DRIVE CONDOMINIUM V (HEREINAFTER CALLED THE "PROPERTY"), MADE BY THE GRANTOR UNDER ARTICLE 9-B OF THE NEW YORK REAL PROPERTY LAW, DATED JULY 11, 2008 AND RECORDED IN THE OFFICE OF THE CLERK OF THE COUNTY OF ROCKLAND ON JUNE 18, 2008 IN INST ID NO. 2008-00027920, (HEREINAFTER CALLED THE "DECLARATION"), AND WHICH UNIT IS FURTHER KNOWN AS LOT 49-703 BLOCK 4 SECTION 56.10 ON THE TAX MAPS OF THE TOWN OF RAMAPO.

5. This mortgaged property is located at the street address of 72 Horton Drive, Unit G3, Monsey, New York 10952 (the "Property").

6. Debtor's obligations under the Note and Mortgage fell into default by failing to pay the scheduled mortgage payment in March 2019 and continues to be in default. Due to the default, Secured Creditor has been attempting to exercise its legal and equitable remedies against the Property. On August 25, 2023, a foreclosure proceeding was commenced by Secured Creditor in the Supreme Court of the State of New York, County of Rockland (the "State Court"), index no. 034137/2023 against Debtor, and other entities that might have an interest in or claim to the Property and as to the Property (the "Foreclosure Action").

7. In the Foreclosure Action, a Judgment of Foreclosure has not been entered due to the serial filings of the Debtor as outlined below. A copy of Foreclosure Docket is annexed hereto as Exhibit "B."

**PROPERTY VALUE AND DEBT**

8. The current principal balance is $582,216.56. Interest on the foregoing amount is at the contract rate of 5.00% through May 30, 2024. The total interest on the aforesaid amount through May 30, 2024 is $155,144.61 and accruing thereafter at $79.76 per diem. The current amount of

advances for real estate taxes and property insurance to date is $39,268.43. The total amount owed as of May 30, 2024 is $791,470.18. This amount will increase based on accrued interest and any future advances made for real estate taxes and insurance costs. The Relief from Stay - Real Estate and Cooperative Apartments is annexed hereto as Exhibit "C."

9. A recent valuation of the Property indicates the value is $1,200,000.00. The valuation basis is annexed hereto as Exhibit "D."

## HISTORY OF CASE FILINGS BY DEBTOR

10. The Present Case is the third (3rd) bankruptcy case commenced by the Debtor since the commencement of the Foreclosure Action.

11. The Debtor's filings are as follows:

   a. Case Number 23-22120-cgm, Chapter 13 filed on February 15, 2023 and Dismissed on July 28, 2023 for failure to make plan payments and failure to file the required documentation necessary to prosecute the case.

   b. Case Number 23-22850-cgm, Chapter 13 filed pro se on November 14, 2023 and Dismissed on January 19, 2024 for failure to file the required documentation necessary to prosecute the case.

   c. Current Case Number 24-22388-cgm, Chapter 13 filed pro se on May 2, 2024. No Schedules or Plan filed.

12. All of these cases have involved the Property in some manner that triggered the automatic stay under Bankruptcy Code section 362.

13. The two prior dismissed cases were both in 2023 and within the one year period before the commencement of the Present Case.

14. The use of the bankruptcy process in these successive case filings by the Debtor without any intent to properly prosecute them as a debtor has had the actual effect of only prohibiting

Secured Creditor from exercising its rights and remedies, including proceeding in the foreclosure Action to seek entry of a judgment of foreclosure and sale.

## THERE IS NO AUTOMATIC STAY IN PLACE IN THE PRESENT CASE

15. The case filings in March 2023 and September 2023 resulted in dismissals without any attempt by Debtor to address or otherwise provide for treatment of the Mortgage Loan or disposition of the Property.

16. As the prior cases were dismissed within a year of the commencement of the Present Case, there is no automatic stay in place in the Present Case as provided under Bankruptcy Code section 362(c)(4)(A)(i).  The Debtor has not filed a motion seeking imposition of the automatic stay.  Under Section 362(c)(4)(A)(ii), Secured Creditor may seek an order of this Court confirming that there is no automatic stay in the Present Case.

## BASIS FOR RELIEF

A. **Confirmation of No Stay**

17. Secured Creditor submits that it is appropriate for the Court to enter an Order pursuant to Bankruptcy Code section 362(c)(4)(A)(ii) confirming that no automatic stay is in place in the Present Case.  Case No. 23-22120-cgm, was a Chapter 13 case filed with counsel on February 15, 2023 and dismissed on July 28, 2023.  Case Number 23-22850-cgm, was a Chapter 13 filed pro se on November 14, 2023 and dismissed on January 19, 2024.

18. The two 2023 cases fall within the definition provisions of subsection (c)(4)(A)(i) which states: " if a single or joint case is filed… and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed…" *see*, 11 U.S.C. § 362(c)(4)(A)(i).

19. When the criteria under subsection (c)(4)(A)(i) are satisfied or met, then per the subsection, "the stay under subsection a shall not go into effect upon the filing of the later case." *see*, 11 U.S.C. § 362(c)(4)(A)(i).

20. Here, the 2023 cases were each dismissed within one year of the commencement of the Present Case. Thus, the automatic stay was not triggered by the commencement of the Present Case. In the Present Case, the Debtor has not sought within 30 days of the Present Case filing, an order imposing the automatic stay as available under Bankruptcy Code section 362(c)(4)(B).

21. Accordingly, the automatic stay is not in place in the Present Case and Secured creditor is entitled to an order of the court under Bankruptcy Code section 362(c)(4)(A)(ii).

**B. In Rem Relief is Warranted**

22. All of the prior dismissed cases of Debtor were filed after the mortgage default and the commencement of the Foreclosure Action. The Debtor has not used these prior cases, or the Present Case for legitimate reorganization or debt disposition purposes.

23. In a bankruptcy case under chapter 13, a debtor would have to use a chapter 13 plan that provides for a "reinstatement" with cure and maintain in order to preserve the Property, or seek a loan modification, if available. This has not happened.

24. The Debtor's repeated use of bankruptcy case filings concerning the Property while in default has had the actual consequence of stalling Secured Creditor in exercising its rights to obtain a foreclosure judgment in the Foreclosure Action. There is no valid financial restructuring or relief with respect to the Property or the Mortgage Loan liability. The only thing that has happened with each of the prior case filings is the application of the stay, and in the Present Case, the need for obtaining *In Rem* relief.

25. This has been a process or "scheme" that has hindered and delayed the prosecution of the Foreclosure Action and the ultimate sale of the Property. *See,* In re Waldron, 785 F.2d 936, 941 (11th Cir. 1986) ("whenever … a petition appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives"). From the facts present, it can be induced that the Debtor has not been utilizing the bankruptcy process for

legitimate financial restructuring concerning the Property, but rather, to create a running impediment to the enforcement of Secured Creditor's rights. It is respectfully submitted that this is an example of bad faith.

26. The Bankruptcy Code does not define good faith nor is there an explicit requirement that petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings. The inference that good faith is required in order for debtors to continue to enjoy the exceptional relief afforded by the automatic stay and the other provisions of the Bankruptcy Code upholds the integrity of the bankruptcy courts:

> Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings. Such a standard furthers the balancing process between the interest of Debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands."

In re Little Creek Dev. Co., 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted). *See, also,* In re Waldron, 785 F.2d 936 (11th Cir. 1986).

27. The Eleventh Circuit's analysis in In re Kitchens, 702 F.2d 885 (11th Cir. 1983) was based on a "totality of the circumstances" approach to analyzing good faith, which involves consideration of a number of factors including the conduct of the debtor. The other Circuits have adopted similar analysis and criteria.

28. According to <u>Kitchens,</u> the prior conduct of a debtor can be considered in determining whether the debtor is demonstrating the sincerity and effort required to be a debtor in bankruptcy. The Eleventh Circuit listed the following factors, among others, as indicative of bad faith:

> (5)   the motivations of the Debtor and his sincerity in seeking relief under the provisions of [the Bankruptcy Code];
> (6)   the Debtor's degree of effort;
> (9)   the frequency with which the Debtor has sought relief under the Bankruptcy Reform Act and its predecessors; [and]
> (10)  the circumstances under which the Debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors.

<u>Kitchens</u>, 702 F.2d at 888-89.

29. Based upon the repetitive filings by the Debtor in 2023 there is a strong indication that she is attempting to benefit from the use of the Bankruptcy Code to hinder the Foreclosure Action and forestall entry of a foreclosure judgment and the consequential sale of the Property. This process has only allowed debtor to remain in the Property without cost, and in absolute detriment to the Secured Creditor's legitimate rights.

30. Secured Creditor submits that it is entitled to prospective relief from the automatic stay pursuant to Bankruptcy Code section 362(d)(4) for cause, to wit, the repetitive case filings that triggered the automatic stay, and the lack of any viable effort at financial restructuring by the Debtor. There is strong evidence of bad faith by the Debtor concerning the Property and the use of the bankruptcy process since the Foreclosure Action was started, s*ee*, <u>In re Little Creek Dev. Co.</u>, 779 F.2d 1068 (5th Cir. 1986) and <u>In re Waldron</u>, 785 F.2d 936 (11th Cir. 1986).

31. When seeking *In Rem* relief, the moving party has the burden of proof. <u>In re Lemma</u>, 394 B.R. 315 (Bankr. E.D.N.Y. 2008). A court can "infer an intent to hinder, delay, and defraud" under section 362(d)(4). <u>In re Procel</u>, 467 B.R. 297, 308 (S.D.N.Y 2012). Serial bankruptcy filings can be evidence of such intent. <u>In re Blair</u>, No. 09-76150, 2009 WL 5203738, at *4-5 (Bankr. E.D.N.Y. Dec. 21, 2009). For the reasons set forth above, the intent required for *In Rem* relief is

present. Intent can be inferred from a debtor's failure to prosecute prior filed cases. In re Montalvo, 416 B.R. 381 (Bankr. E.D.N.Y. 2009). This Court dismissed the prior cases for failure to prosecute. Thus, the Debtor, on multiple recent occasions within a one year period failed to act properly as a debtor under the Bankruptcy Code.

32. Secured Creditor respectfully suggests that the actions and conduct of the Debtor in the prior cases and the Present Case is indicative of the intention to delay and hinder Secured Creditor.

33. Secured Creditor requests that *In Rem* relief be granted pursuant to Bankruptcy Code section 362(d)(4) so that any subsequent bankruptcy filing by Debtor, or other party purporting to affect the Property during the two year period would not cause the automatic stay to be effective against Secured Creditor and the Property. A copy of the Order granting *In Rem* relief will be filed with the county clerk's office against the Property as prescribed in Section 362(d)(4).

34. Accordingly, Secured Creditor maintains that cause exists for application of Bankruptcy Code section 362(d)(4). Secured Creditor believes that *in rem* relief is required to prevent the Debtor, or others working with the Debtor, from further improper use of the Bankruptcy Code and Bankruptcy Court with respect to the Property and Secured Creditor's enforcement of its rights and remedies. In light of the circumstances, it is requested that the 14-day stay period under FRBP 4001(a)(3) be waived. There is no reason for any further delay in the Foreclosure Action. Secured Creditor is entitled to pursue its efforts to sell the Property. Under Rule 4001(a)(3), the Court has the authority to grant such waiver.

35. Secured Creditor has incurred court costs and attorney's fees in this proceeding in the amount of $1,050.00 for attorney fees and $199.00 for the fee to file the motion, and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the Property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs

## KEEP THE CASE OPEN UNTIL THE STAY RELIEF MOTION IS DETERMINED

36. Due to the deficient filing of the Debtor in the Present Case, it may well be subject to dismissal.

37. As this motion seeks *In Rem* relief under Bankruptcy Code section 362(d)(4), it is imperative that this case not be dismissed before this motion is heard and determined by the Court. Accordingly, Secured Creditor requests that the Court withhold entry of any order dismissing and closing the Case until the Court has determined the instant stay relief motion, and if it grants it, until after an order granting relief, including *In Rem* relief, is entered.

38. The required Rule 55 Affidavit has been filed with this motion and has been served on the necessary parties.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order, pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(4) granting relief from the automatic stay and prospective relief from an automatic stay in a future bankruptcy case in regard to the Property for a period of two (2) years from the date of entry of the Order, and for such other and further relief as this Court may deem just and proper.

Dated:  Westbury, New York
    June 6, 2024

    Robertson, Anschutz, Schneid,
    Crane & Partners, PLLC
    Attorney for Secured Creditor
    900 Merchants Concourse, Suite 310
    Westbury, NY 11590
    Telephone: 516-280-7675
    Facsimile: 516-280-7674

    By: /s/ *Kevin R. Toole*_____
    Kevin R. Toole, Esq.
    Email: ktoole@raslg.com